UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
LAURA GIORDANO,                                                       :
                                                                      :       09 Civ. 5104 (ADS) (JO)
                            Plaintiff,                                :
    - against -                                                       :
                                                                      :
AMERICAN VETERINARY SUPPLY CORP., and                                 :
GEORGE S. DOMINO, in his official and individual                      :
capacities                                                            :
                                                                      :
                            Defendants.                               :
------------------------------------------------------------------------X

# ANSWER OF DEFENDANTS
## AMERICAN VETERINARY SUPPLY CORP. and GEORGE S. DOMINO

Defendants American Veterinary Supply Corp. (hereafter "AVSC") and George S. Domino (hereafter "Domino") (AVSC and Domino are collectively referred to herein as "defendants"), by their undersigned counsel, answer plaintiff's complaint as follows:

1. Paragraph 1 of the complaint only sets forth a description of remedies that plaintiff is seeking and of statutes on which she relies; however, to the extent it alleges violations of these statutes, defendants deny the allegations contained therein.

2. Paragraph 2 of the complaint only sets forth a description of plaintiff's complaint and legal conclusions to which no response is necessary; however, to the extent it alleges violations of law, defendants deny the allegations contained therein.

1

3.      Paragraph 3 of the complaint only sets forth a description of plaintiff's complaint and legal conclusions to which no response is necessary; however, to the extent it alleges violations of law, defendants deny the allegations contained therein.

4.      Defendants admit that the Court has subject matter jurisdiction over plaintiff's federal claims. With respect to plaintiff's state law claims, defendants admit that plaintiff has invoked this Court's supplemental jurisdiction under 28 U.S.C. § 1367(a); however, defendants reserve the right to oppose the exercise of supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c).

5.      Defendants admit that plaintiff has invoked this Court's supplemental jurisdiction under 28 U.S.C. § 1367(a) with respect to her state law claims; however, defendants reserve the right to oppose the exercise of supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c). In addition, plaintiff's reference to "other appropriate rules, regulations, statutes and ordinances" is not a basis for subject matter jurisdiction over plaintiff's state law claims.

6.      Defendants admit that venue is properly laid in this Court; however, to the extent that paragraph 6 of the complaint alleges "unlawful employment practices", defendants deny the allegations contained therein.

7.      Paragraph 7 of the complaint alleges a conclusion of law as to which no response is necessary.

8.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the complaint.

9.      Defendants admit the allegations in paragraph 9 of the complaint.

10.     Defendants admit the allegations in paragraph 10 of the complaint.

11.     Defendants admit the allegations in paragraph 11 of the complaint.

12.     Defendants admit the allegations in paragraph 12 of the complaint.

13.     Defendants deny the allegations in paragraph 13 of the complaint, except admit that at all relevant times defendant Domino was the Chief Executive Officer of AVSC and was one of AVSC's ten largest shareholders.

14.     Defendants incorporate and reallege their responses to each and every allegation contained in the complaint as though set forth herein in their entirety.

15.     Defendants admit the allegations in paragraph 15 of the complaint.

16.     Defendants admit the allegations in paragraph 16 of the complaint.

17.     Defendants admit that plaintiff, as a salaried employee, had the overtime rights set forth in 29 C.F.R. § 778.113 and deny the allegations in paragraph 17 of the complaint to the extent inconsistent therewith.

18.     Defendants deny the allegations in paragraph 18 of the complaint, except admit that plaintiff Laura Giordano was employed by defendant AVSC.

19.     Defendants deny the allegations in paragraph 19 of the complaint.

20. Defendants deny the allegations in paragraph 20 of the complaint.

21. Defendants deny the allegations in paragraph 21 of the complaint, except admit that their written policies concerning payment of sales commissions and/or employee overtime compensation did not take the form of a "handbook".

22. Defendants admit the allegation in paragraph 22 of the complaint that AVSC's employee compensation policies and procedures regarding employee sales commissions were amended in November, 2008, and deny the allegations in the second sentence of paragraph 22 of the complaint that such policy was not adequately reduced to writing.

23. Defendants deny the allegations in paragraph 23 of the complaint.

24. Defendants deny the allegations in paragraph 24 of the complaint, except admit that in November, 2008 plaintiff was made a salaried employee.

25. Defendants deny the allegations in paragraph 25 of the complaint.

26. Defendants deny the allegations in paragraph 26 of the complaint.

27. Defendants deny the allegations in paragraph 27 of the complaint.

28. Defendants deny the allegations in paragraph 28 of the complaint concerning "unlawful payment practices" and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 28 of the complaint.

29. Defendants deny the allegations in paragraph 29 of the complaint, except defendants that an audit was conducted by Lisa Makita of the New York State Department of Labor (NYSDOL) in 2009.

. 30. Defendants deny the allegations in paragraph 30 of the complaint.

31. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the complaint.

32. Defendants deny the allegations in paragraph 32 of the complaint, except admit that the NYSDOL sent defendants a bill for wages it asserted were due.

33. Defendants deny the allegations in paragraph 33 of the complaint.

34. Defendants admit that a meeting between plaintiff and defendants took place on October 23, 2009 and deny the remaining allegations in paragraph 34 of the complaint.

35. Defendants admit the allegations in paragraph 35 of the complaint.

36. Defendants deny the allegations in paragraph 36 of the complaint, except admit that a meeting between plaintiff and defendants took place on October 23, 2009.

37. Defendants admit the allegations in paragraph 37 of the complaint.

38. Defendants admit the allegations in paragraph 38 of the complaint.

39. Defendants deny the allegations in paragraph 39 of the complaint.

40. Defendants deny the allegations in paragraph 40 of the complaint.

## ANSWERING THE FIRST CLAIM FOR RELIEF
### (Alleged Failure to Pay Overtime - Alleged FLSA Violation)

41. Defendants incorporate and reallege their responses to each and every allegation contained in the complaint as though set forth herein in their entirety.

42. Defendants deny the allegations in paragraph 42 of the complaint.

43. Defendants deny the allegations in paragraph 43 of the complaint.

44. Defendants deny the allegations in paragraph 44 of the complaint.

45. Defendants deny the allegations in paragraph 45 of the complaint, except admit that they maintain complete records concerning the hours worked by plaintiff and her compensation.

## ANSWERING THE SECOND CLAIM FOR RELIEF
### (Alleged Failure to Pay Overtime - Alleged New York Labor Law Violation)

46. Defendants incorporate and reallege their responses to each and every allegation contained in the complaint as though set forth herein in their entirety.

47. Defendants deny the allegations in paragraph 47 of the complaint.

48. Defendants deny the allegations in paragraph 48 of the complaint.

49. Defendants deny the allegations in paragraph 49 of the complaint.

50. Defendants deny the allegations in paragraph 50 of the complaint, except admit that they maintain complete records concerning the hours worked by

plaintiff and her compensation.

### ANSWERING THE THIRD CLAIM FOR RELIEF
**(Alleged Failure to Pay Earned Commissions in Violation of the New York Labor Law)**

51. Defendants incorporate and reallege their responses to each and every allegation contained in the complaint as though set forth herein in their entirety.

52. Defendants deny the allegations in paragraph 52 of the complaint, except admit that plaintiff Laura Giordano was an inside salesperson who received commissions for certain sales pursuant to established company formulas.

53. Defendants deny the allegations in paragraph 53 of the complaint, except admit that commissions constitute wages under the cited provisions of the New York Labor Law.

54. Defendants deny the allegations in paragraph 54 of the complaint.

55. Defendants deny the allegations in paragraph 55 of the complaint, except admit that at the time of her termination Giordano had earned $513.88 in commissions that were not yet payable.

56. Defendants deny the allegations in paragraph 56 of the complaint.

57. Defendants deny the allegations in paragraph 57 of the complaint.

58. Defendants deny the allegations in paragraph 58 of the complaint.

59. Defendants deny the allegations in paragraph 59 of the complaint.

60. Defendants deny that plaintiff is entitled to any of the categories of

damages mentioned in paragraph 60 of the complaint other than $513.88 in unpaid commissions.

## ANSWERING THE FOURTH CLAIM FOR RELIEF
### (Alleging Unlawful Retaliation in Violation of the New York Labor Law §215)

61. Defendants incorporate and reallege their responses to each and every allegation contained in the complaint as though set forth herein in their entirety.

62. Defendants deny the allegations in paragraph 62 of the complaint, except lack knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 62 that plaintiff Laura Giordano complained to the DOL.

63. Defendants deny the allegations in paragraph 63 of the complaint.

64. Defendants deny the allegations in paragraph 64 of the complaint.

## ANSWERING THE FIFTH CLAIM FOR RELIEF
### (Alleging Unlawful Retaliation in Violation of the Fair Labor Standards Act)

65. Defendants incorporate and reallege their responses to each and every allegation contained in the complaint as though set forth herein in their entirety.

66. Defendants deny the allegations in paragraph 66 of the complaint.

67. Defendants deny the allegations in paragraph 67 of the complaint.

68. Defendants deny the allegations in paragraph 68 of the complaint.

69. Defendants deny the allegations of "retaliatory and discriminatory conduct" in paragraph 69 of the complaint; the balance of this paragraph contains a conclusion of law as to which no response is required.

70. Defendants deny the allegations in paragraph 70 of the complaint.

### ANSWERING THE SIXTH CLAIM FOR RELIEF
### (Alleged Unjust Enrichment)

71. Defendants incorporate and reallege their responses to each and every allegation contained in the complaint as though set forth herein in their entirety.

72. Defendants deny the allegations in paragraph 72 of the complaint.

73. Defendants deny the allegations in paragraph 73 of the complaint.

74. Defendants deny the allegations in paragraph 74 of the complaint.

### ANSWERING THE ALLEGATIONS OF FACT IN THE
### DEMAND FOR A JURY TRIAL AND "WHEREFORE" CLAUSE

75. Defendants incorporate and reallege their responses to each and every allegation contained in the complaint as though set forth herein in their entirety.

76. Paragraph 76 of the complaint contains no allegations to which a response is necessary.

All allegations of "unlawful conduct and actions" asserted and all claims asserted by plaintiff in the "WHEREFORE" clause of the complaint are also denied.

### AFFIRMATIVE DEFENSES

Defendants deny all allegations which have not been expressly admitted in this Answer.  Additionally, defendants assert the following affirmative defenses to plaintiff's complaint, without prejudice to their denials and all other statements in their answer and elsewhere.  By asserting these defenses, defendants do not assume

9

the burdens of production or proof on these defenses when substantive law provides otherwise.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's employment was terminated based on factors other than those alleged in the complaint: that is, her unsatisfactory job performance.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claim for damages is precluded by and/or limited by her unsatisfactory job performance.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's alleged mental anguish, emotional distress, and other alleged losses, if any, were not proximately caused by defendants.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate the alleged damages as required by law.

### FIFTH AFFIRMATIVE DEFENSE

Defendants did not show reckless disregard as to whether their overtime compensation decisions with respect to plaintiff contravened the Fair Labor Standards Act ("FLSA") or the New York Labor Law.

### SIXTH AFFIRMATIVE DEFENSE

Defendants' compensation decisions with respect to plaintiff were taken in good faith and defendants had reasonable grounds for believing they were compliant

with the FLSA and the New York Labor Law.  To the extent that there is a finding that the FLSA or New York Labor Law has been violated by non-payment of any overtime, any such violation was unintentional and not willful.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to allege a cause of action under federal or state law.

### EIGHTH AFFIRMATIVE DEFENSE

This action will become moot upon payment to plaintiff of twice the $513.88 in commissions earned and now due.

WHEREFORE defendants request that the Court enter judgment dismissing the complaint with costs and with prejudice and awarding such other relief as to the Court may seem just and proper.

Dated: New York, New York
      January 25, 2010

                                                                                                   s/
                                              Roger J. Bernstein (RB 9501)
*Attorney for Defendants American Veterinary Supply Corp.* and *George S. Domino*
233 Broadway, Suite 2701
New York, New York 10279
Telephone:  (212) 227-8383
Facsimile:   (646) 964-6633
rbernstein@rjblaw.com

11